THE STATE, HOME FOR THE EDUCATION AND CARE OF FEEBLE–MINDED CHILDREN, PROSECUTOR, v. THE COLLECTOR OF THE TOWNSHIP OF LANDIS, IN THE COUNTY OF CUMBERLAND.

Under the act of 1894 (*Gen. Stat.,* p. 3320, § 200), the prosecutor is entitled to exemption from taxation for every building used for the purposes of its creation, and also for so much of the land upon which each building is erected as is necessary to its fair use and enjoyment, not in any case exceeding five acres to a building.

---

On *certiorari* in matter of taxation.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Howard Carrow.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The prosecutor owns one hundred and twenty acres of land in the township of Landis.  In the years 1894 and 1895 the assessor exempted from taxation five acres, with the buildings thereon, and assessed one hundred and fifteen acres, on which are erected some of the buildings necessary for the uses of the corporation.

The five acres exempted would hold all the buildings erected upon the entire tract of one hundred and twenty acres, but it does not appear that five acres can be so set off as to contain all the buildings on the tract.

By force of the fifth section of the act of 1894 (*Gen. Stat.,* p. 3320), exemption is claimed not only for the five acres and the buildings thereon, but also for the buildings upon the remaining one hundred and fifteen acres.

The said fifth section exempts "all colleges, academies or seminaries of learning, public libraries, school-houses, buildings erected and used for religious worship, buildings used as asylums or schools for the care, cure, nurture, maintenance and education of feeble-minded or idiotic persons and children, provided such institutions are duly incorporated under the laws of this state, and the land whereon the same are situate, necessary to the fair use and enjoyment thereof, not exceeding five acres for each one, the furniture thereof and the personal property used therein," &c.

In *State* v. *Ross,* 4 *Zab.* 497, under the act of 1851 (*Pamph. L.,* p. 272, § 5), exempting all colleges, academies or seminaries of learning and the lands' whereupon the same are erected, the dwelling-houses erected by the College of New Jersey for the accommodation of the professors and steward, were held to be exempted, as well as all the college buildings.

The act of 1894 exempts buildings used as asylums for the feeble-minded and the land whereon the same are situate,

necessary to the fair use and enjoyment thereof, not exceeding five acres for each one.

Every building used by the asylum is expressly within the act, and also the land on which each building stands is exempted with two limitations—*first*, only so much land as is necessary to the fair use and enjoyment of the building shall be exempt; and *second*, the land exempted with any building shall in no case exceed five acres.

The prosecutor is duly incorporated under the laws of this state, and is, therefore, entitled to exemption not only for the buildings upon the five acres, but likewise for the Ellis cottage, Crossland cottage, the barns, the McBurney cottage, Robinson cottage, Cattell cottage, another cottage and the hospital which are situated on the one hundred and fifteen acres assessed, and also so much land as is necessary to the fair use and enjoyment of each building, not exceeding in any case five acres.

It is admitted that all of the buildings are necessary for the uses of the corporation to carry out the object for which it was established.

The assessment certified must be set aside and a new assessment will be ordered in pursuance of the statute, unless the parties agree what the assessment shall be.